### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **HENRY COOPER,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 08-0321-CG-C |
| **WARDEN JERRY FERRELL,** *et al.*, | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION

This action is before the Court on plaintiff's motion to amend. (Doc.12). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon consideration of the motion, it is recommended that the motion be denied for the reasons set forth herein.

Plaintiff's motion is extremely brief. (Doc. 12). Notwithstanding the brevity, the motion is not clear in all aspects. However, it is apparent that plaintiff wants to sue each defendant in his official capacity and individual capacity. He appears to want to add Chief Steward Brown as a defendant who allegedly "failed to give [him] proper training by ADOC staff members before putting him on a [hazardous, dangerous] bread dough mixer machine that['s] not [bolted] down to the kitchen floor and jumps everywhere when the machine is on operating." (*Id.* at 1). Then, plaintiff identifies Richard Hetrick as a

defendant but directs no allegations to him.  (*Id.*).

"A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999).  The substance of the proposed amendment must be before the court to avoid granting an amendment that would be subject to dismissal, which would be an exercise in futility.  *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). This production requirement is even more warranted in an *in forma pauperis* action where the court is under a duty to screen a complaint under 28 U.S.C. § 1915(e)(2)(B) and to dismiss the claims that are frivolous, fail to state a claim upon which relief can be granted, and seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).  Due to plaintiff's failure to put before the Court the substance of his amendment against Richard Hetrick, his motion to amend is due to be denied in regard to Hetrick.  *Long,* 181 F.3d at 1279-80.

In regard to plaintiff's other allegations, the Court is according them a liberal construction and concludes that plaintiff is bringing a claim against Chief Steward Brown for a failure to authorize ADOC employees to train plaintiff in the operation of the dough machine.  *Haines v. Kerner,* 404 U.S. 519, 520-521, 92 S.Ct. 594, 595-596 (1972) (finding that *pro se* litigants are to be held "to less stringent standards than formal pleadings drafted by lawyers").  No other information is offered to support the claim against Brown for failure to provide proper training for plaintiff through ADOC staff members.  However, the allegations against Brown are the only allegations that are relevant.  *Ashcroft v. Iqbal,*

___U.S. ___, ___, 129 S.Ct. 1937, 1944 (2009); *see Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986) (a plaintiff in a § 1983 action must establish a causal connection between a defendant's actions, orders, customs, and policies and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted).

If plaintiff intended to impose liability against Brown for allegedly unconstitutional actions of his subordinates, a claim of this nature is not recognized under § 1983. Under § 1983 a superior cannot be held vicariously liable for the unconstitutional conduct of his subordinates. *Iqbal*, ___U.S. at ___, 129 S.Ct. at 1947.

On the other hand, a claim against Brown for failure to have subordinates train plaintiff in the proper operation of the dough machine has not been stated. A claim must be more than "an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal,* ___U.S. at ___, 129 S.Ct. at 1949. A "'naked assertion[]' devoid of 'further factual enhancement.'" is insufficient to state a claim. *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955 (2007)). Whereas, a claim is stated when there is "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955)). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, plaintiff has simply alleged that Brown "failed to give plaintiff proper training by ADOC staff members." (Doc. 12 at 1). This is an unadorned accusation with no facts provided to support it and to allow the Court to draw the conclusion that certain

unidentified acts indicate that Brown failed to provide training to plaintiff by ADOC staff. Plaintiff's claim is, therefore, not plausible. *Id.* at ___, 129 S.Ct. at 1950.  He has only alleged a possibility, which is insufficient for stating a claim. *Id.* (Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-"that the pleader is entitled to relief.") (quoting FED.R.CIV.P. 8(a)(2)).  Accordingly, plaintiff has failed to state a claim for relief against Chief Steward Brown and the motion to amend is due to be denied in regard to Brown. *Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985) (holding that leave to amend should be denied when an amendment is subject dismissal because its allowance would be an exercise in futility).

In addition, in this damages action (Doc. 1 at 7) plaintiff wants to sue defendants in their official and individual capacities.  (Doc. 12).  Both defendants, Ferrell and Myers, are wardens at the Fountain Correctional Center, a correctional institution of the Alabama Department of Corrections,  and, as such, they are employees of the State.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 1312 (1989).  Thus, it would be as though the State is being sued directly. *Id.*  But "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.*  A § 1983 action, however, requires that a "person" be sued. in order to state a claim under § 1983. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-

31 (1986).  A claim against defendants Ferrell and Myers in their official capacities is therefore frivolous as a matter of law.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989) (finding a claim is frivolous as a matter of law where the claim seeks to enforce a right that clearly does not exist).  Accordingly,  plaintiff's request to amend official capacity claims against defendants Ferrell and Myers is due to be denied as such an amendment is futile.  *Halliburton*, 774 F.2d at 444.  Nevertheless, the individual capacity claims will proceed against defendants Ferrell and Myers.

Based upon the foregoing reasons, it is recommended that plaintiff's motion to amend (Doc.12) be denied.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 28th day of July, 2009.

          **s/WILLIAM E. CASSADY**
          **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l. *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

6